IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH L. HUGHES,

    Defendant.

Case No. 3:19-CR-30049-NJR-1

## ORDER

**ROSENSTENGEL, Chief Judge:**

Before the Court is a *pro se* motion by Defendant Joseph L. Hughes requesting a sentence reduction under 18 U.S.C. § 3582(c)(2) and Part B of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (Doc. 57).

Under Part B of Amendment 821, offenders with zero criminal history points and whose offense did not involve certain aggregating factors shall receive a two-level decrease in their offense level. U.S.S.G. § 4C1.1. One of the aggravating factors identified in the revised guideline is that the offense of conviction is a "sex offense." U.S.S.G. § 4C1.1(a)(5). Section 4C1.1(b)(2) defines "sex offense" as an offense perpetuated against a minor under specific statutes, including those under 18 U.S.C. Chapter 117.

Here, although Hughes had zero criminal history points, he pleaded guilty to one count of enticement of a minor and two counts of travel with intent to engage in illicit sexual conduct under 18 U.S.C. §§ 2422(b) & 2423(b). (Docs. 34, 54). Those offenses fall under 18 U.S.C. Chapter 117, and, thus, are "sex offenses" as defined by § 4C1.1(b)(2).

Because Hughes was sentenced for sex offenses, the Court finds that he is ineligible for a sentence reduction under Part B of Amendment 821. For these reasons, Hughes's request for a sentence reduction (Doc. 57) is **DENIED**.

    IT IS SO ORDERED.

    DATED: February 22, 2024

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**